BELSOME, J.,
dissents with reasons.
hi respectfully dissent. I would affirm the OCWJ’s ruling. The majority opinion concentrates on the “manifest error” standard it purports to have applied to the OCWJ’s finding that Mr. Russell was capable of working an accommodated eight-hour per day schedule. Specifically, the majority notes that, in applying the standard, they “must determine whether the conclusions of the fact-finder, here the OWCJ, are reasonable, not whether she was right or wrong.” See Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97) 696 So.2d 551, 556. Further, they observe that when there are two permissible views of the evidence, a fact-finder’s choice cannot be manifestly erroneous. See Seal v. Gaylord Container Corp., 97-0688, p. 5 (La.12/2/97), 704 So.2d 1161, 1164. Yet, even in acknowledging these longstanding principles underlying the manifest error standard, it appears the majority has deemed a permissible view of the evidence as clearly wrong.
The OCWJ found that Dr. Torrance, on September 21, 2012, eliminated “any requirement that Mr. Russell restrict his work hours,” thereby making him capable of working an accommodated eight-hour work day, and offsetting any requirement for SEBs. The record reflects that this is a permissible and reasonable view of the evidence. On September 21, 2012, Dr. Torrance returned, for the final |2time, a form approving of Mr. Russell’s placement as a mail courier. Absent from this approval was any commentary regarding a limitation on the number of hours Mr. Russell was approved to work. In contrast, prior forms filled out and returned by Dr. Torrance noted conflicting restrictions as to the plaintiffs work-hours. To wit, if the OCWJ had found that Mr. Russell had not been cleared to work an eight-hour day, we, likewise, could not say that that determination was manifestly erroneous. However, there is too much conflicting evidence to hold either view impermissible, and therefore, manifestly erroneous. As such, I respectfully disagree with the reversal of the trial court’s findings.